Noelle E. Dwarzski OSB 131866
noelled@mrbclaw.com
McKenzie Rothwell Barlow & Coughran, P.S.
1325 Fourth Avenue, Suite 910
Seattle, WA 98101
Tel. (206) 224-9900
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| BOARD OF TRUSTEES OF THE UFCW LOCAL 555-EMPLOYERS HEALTH TRUST,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,<br><br>　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR FAILURE TO PAY CONTRIBUTIONS PURSUANT TO ERISA 502 |

For its complaint, Plaintiff alleges as follows:

I.   PARTIES AND JURISDICTION

1.   Plaintiff is the Board of Trustees of the UFCW Local 555-Employers Health Trust (the "Health Trust"), a joint labor-management trust fund created pursuant to Section 302(c) of the Labor Management Relations Act (hereafter referred to as the Act), 29 U.S.C. § 186(c), and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. as amended (hereafter ERISA) for the purpose of providing eligible employees, dependents, and

COMPLAINT – 1

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 tj101203

beneficiaries with healthcare and related benefits. It maintains a principal office in Tualatin, Washington County, Oregon.

2.  The Health Trust provides "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of ERISA.

3.  Numerous employers pay fringe benefit contributions to the Health Trust, and this Trust is a "multiemployer plan" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.

4.  The Plaintiff Board of Trustees of the Health Trust has discretionary authority and control over the management of the Health Trust and are the Plan Sponsors and "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

5.  Defendant Kaiser Foundation Health Plan of the Northwest (hereafter "Kaiser"), is an Oregon domestic company engaged in business in the State of Oregon having a business location at 500 NE Multnomah Street, Suite 100, Portland, Oregon 97223.

6.  Defendant Kaiser is engaged in business within the jurisdiction of this court, and such business affects commerce within the meaning of Section 301(a) of the Act.

7.  Jurisdiction is conferred on this court by Section 301 of the LMRA, 29 U.S.C. § 186, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

8.  Venue lies in the United States District Court for the District of Oregon under ERISA § 502, 29 U.S.C. §1132.

## II.    FACTS

9.  On December 12, 2012 and March 15, 2013, Scott Allan on behalf of Kaiser, in his capacity as Employee and Labor Relations Director, entered into two Working Agreements with the United Food & Commercial Workers Union Local 555 on behalf of Kaiser ("Agreements").

COMPLAINT – 2

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 tj101203

10.    As a signatory employer to the Agreements, Kaiser agreed to the terms of the UFCW Local 555-Employers Health Trust.[1]

11.    Under the terms of the Agreements, Kaiser agreed to pay monthly fringe benefits to the Health Trust for each hour of covered work performed by its employees.  The amount per hour and the basis for the contributions (i.e. per hour worked or per hour compensated) are set forth in the Agreements.

12.    The Health Trust is a third party beneficiary under the terms of the Agreements.

13.    Pursuant to the terms of the Agreements, Kaiser agreed to pay all fringe benefit contributions to the designated administrator's office.  The administration office collects fringe benefit contributions and other amounts specified in the Agreements.

14.    Kaiser's obligations to the Health Trust are set forth in Amendment No. 3 to the Trust Agreement Governing the Joint Labor Management Retail Trust, Amending Article IX, Section 5, dated May 17, 1990.  Under the Joint Labor Management Retail Trust, Kaiser agreed to, among other things:

- Prompt and accurate payment of contributions;
- Payment of liquidated damages of ten percent (10%) of the amount of contributions which are owed or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages in the amount of twenty percent (20%) of the contributions owed, with interest on delinquent contributions at twelve percent (12%) per annum from the date due until paid; and
- Payment of the reasonable attorney fees (with a minimum of $100.00), audit costs, and costs of collection.

15.    Kaiser employed employees for whom employee benefit contributions are due under this obligation but has failed and refused to make the required monthly contributions for such employees to the Health Trust.

---

[1] Effective July 1, 2013 and formerly known as the Joint Labor Management Retail Trust.

COMPLAINT – 3

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 tj101203

16. Kaiser has failed to timely report and pay its contributions to the Health Trust.

17. Despite demand, Kaiser has failed and/or refused to pay contributions to the Health Trust for the audit periods of January 1, 2014 through March 31, 2014 and January 1, 2015 through March 31, 2015.

18. As of the date of this complaint, Kaiser owes $527,061.40 in contributions, $105,412.28 in liquidated damages, $274,569.27 in interest (calculated through September 26, 2018) and $3,285.00 in audit fees for the audit periods of January 1, 2014 through March 31, 2014 and January 1, 2015 through March 31, 2015.

### III.    CLAIM FOR RELIEF

19. The Trusts re-allege the facts set forth in paragraphs 1 through 18 above as if stated fully herein, and further allege as follows:

20. Kaiser owes $527,061.40 in contributions to the Health Trust for the audit periods of January 1, 2014 through March 31, 2014 and January 1, 2015 through March 31, 2015.

21. Under the terms of the Trust Agreement creating the Health Trust, and under and ERISA §502(g)(2), Kaiser is obligated to pay liquidated damages, interest, reasonable attorney's fees and costs and expenses of suit as a result of its failure to pay the required employee benefit contributions in a timely manner.

22. Kaiser also owes the Health Trust $105,412.28 in liquidated damages, $274,569.27 in interest (calculated through September 26, 2018) and $3,285.00 in audit fees for the audit periods of January 1, 2014 through March 31, 2014 and January 1, 2015 through March 31, 2015.

COMPLAINT – 4

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

5600 132 tj101203

23.  Kaiser also owes the Health Trust an unknown amount of attorney fees in an amount to be proven on motions or at trial and interest through the date of the entry of judgment.

WHEREFORE, the Health Trust prays for a money judgment as follows:

A.  For judgment against Kaiser for a total of $910,327.95, comprised of $527,061.40 in contributions, $105,412.28 in liquidated damages, $274,569.27 in interest (calculated through September June 26, 2018), and $3,285.00 in audit fees payable to the Health Trust;

B.  Interest through the date of the judgment on the unpaid contributions;

C.  Reasonable attorneys' fees, costs and expenses of suit; and

D.  For such other and further relief as this court deems just and equitable.

DATED this 15th day of October, 2018.

                         *s/ Noelle E. Dwarzski*
                         Noelle E. Dwarzski, OSB 131866
                         McKENZIE ROTHWELL BARLOW
                           & COUGHRAN, P.S.
                         1325 Fourth Avenue, Suite 910
                         Seattle, WA 98101
                         Tel. (206) 224-9900
                         noelled@mrbclaw.com
                         Attorneys for Plaintiffs

COMPLAINT – 5

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900



5600 132 tj101203